AMERICAN WELL WORKS, A CORPORATION, RESPOND-
ENT, v. ROYAL INDEMNITY COMPANY, A CORPORA-
TION, APPELLANT.

Submitted October 31, 1931—Decided May 16, 1932.

For the appellant, *Collins & Corbin* (*Edward A. Markley*, of counsel).

For the respondent, *Fleming & Handford* (*James L. Handford*, of counsel).

The opinion of the court was delivered by

TRENCHARD, J. This is an appeal from a judgment of the Supreme Court entered upon the verdict of a jury at Circuit in favor of the plaintiff below.

The suit was brought to recover the unpaid purchase price of pumps and machinery which plaintiff manufactured and delivered, as it contends, on the order of the defendant below and for which the latter agreed to pay.

The case grows out of a contract which was entered into by John H. Proctor with the borough of Sayreville in 1922

to do some municipal work for the borough. It appears that the defendant, the Royal Indemnity Company, executed for Proctor a bond of indemnity for the completion of the work according to the contract; that the contract called for certain pumps and machinery which Proctor ordered from the plaintiff, the American Well Works; that after giving such order and before the pumps were delivered, Proctor defaulted in his contract.

The evidence further tended to show that thereafter L. W. Carle took over Proctor's contract by assignment from Proctor to him with the consent of the borough, after a creditors' conference at which Carle represented the defendant, and Mr. Whinery the plaintiff, and that Carle agreed that plaintiff was to deliver and was to be paid for the pumps and machinery not yet delivered.

The theory of the plaintiff's case was that the assignment to Carle was not to him individually, although on its face it was, but as the representative of the defendant company. On the other hand, the defendant insisted that Carle individually was the contractor in his own right and not as the representative of the defendant.

The question presented at the trial, therefore, was whether the pumps and machinery, the subject-matter of the suit, were purchased by Carle or by the defendant company.

That question was submitted to the jury, and we think properly.

Although contradicted in material parts, the evidence of the plaintiff tended to show that at the conference it was agreed by Carle that he would make the "necessary arrangements" to take over the contract and the defendant "company would pay the bills;" that Whinery, representing the plaintiff, then told Carle that he was not willing to accept a verbal order but would require written confirmation; that representatives of the plaintiff called at the office of the defendant in New York regarding the "Sayreville job" and were referred to Carle, who was in his room there; that on his door was his own name and also that of the defendant company; that plaintiff's representatives requested such written con-

firmation, and a few days later, on May 16th, 1923, Whinery received a letter addressed to him and signed by Carle upon the letterhead of the Royal Indemnity Company, with "L. W. Carle, Room 702" printed in the upper left-hand corner, saying: "Will you kindly ship Sayreville, New Jersey, at once, machinery for pumping station ordered by John R. Proctor on October 16th, 1922. We would like to have these pumps and the necessary machinery delivered as soon as possible, and I will pay for same as per your agreement of November 8th, 1922, $3,055 in 30 days and the balance in 60 days;" that the name of L. W. Carle was printed on the letterheads without designating or limiting his authority to represent the company; that the defendant furnished these letterheads to Carle and well knew that his name appeared thereon; that the plaintiff thereupon proceeded with the manufacture of the pumps and machinery and delivered them to the job at Sayreville, believing that the defendant was responsible and would pay therefor and relying upon the defendant alone for such payment; that payment not being made, plaintiff addressed a letter on November 6th, 1923, to the defendant demanding payment; that on November 16th, 1923, W. A. Foley, superintendent of the defendant, wrote to the plaintiff acknowledging receipt of the letter and bill of November 6th, 1923, and saying that they were checking over this account and the plaintiff would hear from defendant shortly; that plaintiff heard nothing further until December 7th, 1923, when plaintiff again wrote defendant demanding payment of the bill; that Foley, under date of December 10th, 1923, wrote Whinery a letter in which, for the first time, he repudiated the agency of Carle and disclaimed any interest in the agreement.

The evidence further tended to show that the Northwestern Manufacturing Company and the Dudley-Curry Electric Company had contracts with Proctor to furnish motors and controls for these very pumps; that shortly after Proctor defaulted in his contract, Mr. Dudley, representing both of those companies, as a result of conferences with, and to the knowledge of, the plaintiff company, obtained an order from

Carle, at the defendant's office, and entered into an agreement that these companies proceed to furnish the motors and controls for the pumps; that this order was performed and the motors and controls delivered by them to the job at Sayreville; that not receiving payment Dudley communicated with Carle, and the latter on September 22d, 1923, on a letterhead of the Royal Indemnity Company on which his name was printed, addressed a letter to Dudley and stated that "these various obligations have been lined up and that we are in a position to pay them" about the first of the month; that on November 7th, 1923, W. A. Foley, superintendent of the defendant, wrote both companies enclosing the defendant company's checks in full payment. Both of these letters have the claim number 4654, which claim number is identical with the claim number contained in the various letters written by the defendant to the plaintiff regarding its claim. The defendant, however, did not pay the plaintiff for the pumps and machinery, and hence this suit.

We think it is quite apparent that it was open to the jury to find as they did; that Carle was acting at the duly authorized representative of the defendant in respect to the subject-matter of the claim now in suit, and, therefore, the trial judge was quite justified in denying the motion made by the defendant for the direction of a verdict in its favor.

The rule is that the principal is bound by the acts of his agent within the apparent authority which he knowingly permits the agent to assume, or which he holds the agent out to the public as possessing. The question in every case depending upon the apparent authority of the agent is whether the principal has by his voluntary act placed the agent in such a situation that a person of ordinary prudence, conversant with business usages and the nature of the particular business, is justified in presuming that such agent has authority to perform the particular act in question; and when, as here, the party, relying upon such apparent authority, presents evidence which would justify a finding in his favor, he is entitled to have the question submitted to the jury. *J. Wiss & Sons* v. *H. G. Vogel Co.,* 86 *N. J. L.* 618

The defendant contends that there should be a reversal because the court permitted questions to the witness Whinery as to conversations with Carle without proof of Carle's authority.

We think there is no merit in this contention because, as we have indicated, there was ample proof from which the jury might and did conclude that there was evidence of apparent authority within the rule stated. But the defendant argues that some of these questions were put before there was any evidence of Carle's apparent authority. Assuming, without deciding that this was so, we think it was immaterial because, if irregular in that respect, it was harmless and so will not lead to a reversal, for there was evidence afterwards given in the progress of the cause which certainly tended to show that Carle was the duly constituted agent of the defendant for the purpose and authorized to act for it in the premises. *Bunting, Admr.,* v. *Allen,* 18 *N. J. L.* 299; *Corkran & Melony* v. *Taylor,* 77 *Id.* 195.

It is next said that the court erred in permitting evidence of alleged similar transactions with the Northwestern Manufacturing Company and the Dudley-Curry Electric Company to prove the agency of Carle for the defendant in his transactions with the plaintiff and to prove ratification of same.

We think that such evidence was proper for the reason that where, as here, the authority of one acting as an agent to make a contract and sign a memorandum thereof is denied, other contracts of a similar nature made at or about the same time and under similar conditions and circumstances, and paid in full by the principal, are admissible in evidence to show the agent's authority to bind his principal and ratification of his acts. *Maagget* v. *A. Brawer Silk Co.,* 95 *N. J. L.* 72. Of course the question now raised as to whether or not such contracts were of a similar nature and made under similar circumstances was for the jury.

It is next said that the court erred in admitting in evidence letters written by Carle to the representative of the plaintiff and letters written by the superintendent of the defendant to the Northwestern Manufacturing Company and

the Dudley-Curry Electric Company; but for the reasons hereinbefore stated we think there is no merit in this contention.

It is next contended that the judge erred in overruling certain questions put by the defendant to the witness Wheeler called by the defendant, in an endeavor to prove lack of authority from the defendant to Carle to order the pumps or to represent the defendant in the completion of the Sayreville job.

We think there is no merit in this contention. The questions were excluded because deemed objectionable in form. Later during the examination of the witness he was permitted to testify, in effect, respecting the fact sought to be proved by the prior questions. Certainly there was no prejudicial error. *State* v. *Fuersten,* 103 *N. J. L.* 383.

The next reason urged for reversal is that the court erred in overruling the offer by the defendant of a letter alleged to have been written by the defendant to the mayor of Sayreville.

We think there is no merit in this contention. It seems to have been excluded because the original was not produced and that it was a mere self-serving declaration. If that ruling was technically erroneous it was harmless, because the officer of the defendant company who produced the paper, and who, as defendant says in its brief "was in charge of the entire matter," had already testified respecting the matters contained therein which were claimed to be evidential.

It is next said that the court erred in permitting cross-examination of the witness Wheeler produced by the defendant.

We think not. The cross-examination was well within the rule that it is within the discretion of the trial court to permit cross-examination of a witness as to his conduct respecting the matter in controversy, for the purpose of ascertaining whether or not such conduct was inconsistent with what he testified to in chief.

Lastly it is contended that the judgment should be reversed because of alleged erroneous misstatements of facts in the charge.

We think there is no merit in this contention. The right and duty of the jury to decide for themselves all disputed questions of fact was pointed out in the charge. Moreover, we think there was no substantial misstatement of facts. Where, as here, the trial judge refers to the evidence according to the best of his recollection, and expressly instructs the jury that if there were any misquotations of the testimony by him, the jury must disregard what he had said and determine the case according to their own recollection of the testimony, a reversal cannot be predicated upon alleged misconceptions of the testimony by the trial judge.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ.  14.

*For reversal*—None.