## Davidsville First National Bank *v.* St. John's Church, Appellant.

Argued March 19, 1929. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

*Joseph Levy,* with him *A. Lloyd Adams,* for appellant. —Neither bishop nor pastor had authority to bind the congregation: Hamborsky v. Magyar Church, 78 Pa. Superior Ct. 519; Wojciechowski v. Johnkowski, 16 Pa. Superior Ct. 444; Krauczunas v. Hoban, 221 Pa. 213.

The pastor did not have apparent authority to make the loan: Brook v. R. R., 108 Pa. 529; Wachter v. Assurance Co., 132 Pa. 428; Central Pa. Tel. Co. v. Thompson, 112 Pa. 118; Moore's Exrs. v. Patterson, 28 Pa. 505; Whiting & Co. v. Lake, 91 Pa. 349.

The congregation was not estopped by letter of the bishop or by payment of interest: Wright's App., 99 Pa. 425; Shoemaker's Account, 277 Pa. 424; Work v. Prall, 26 Pa. Superior Ct. 104; Sensinger v. Boyer, 153 Pa. 628.

*Clarence L. Shaver,* for appellee.—Defendant's pastor was clothed with sufficient authority to bind the congregation for the payment of the loan made at plaintiff bank by the pastor, in the name of the congregation, at the time the loan was made.

Where a judgment is opened on an issue framed in which the note is to stand as plaintiff's statement, the putting in evidence of the note in suit by plaintiff makes out a prima facie case: Cannell v. Crawford Co., 59 Pa. 196, 200; Harbaugh, Admr., v. Butner, 148 Pa. 273, 276; Pool & Son v. White, 175 Pa. 459, 473; Bunnell v. Kintner, 27 Pa. Superior Ct. 605, 610; Morris v. Duers & Duers, 90 Pa. Superior Ct. 285, 287.

Plaintiff was not, under the circumstances of the case, obliged to see to the application of the proceeds of the loan.

It is a general principle of agency that the facts in this case established a condition where defendant had so clothed its pastor with authority to act as to mislead or to deceive the public, and in all such cases an estoppel arises against the principal: O'Connor v. Clark, 170 Pa. 318, 322; Little v. Fearon & Co., 252 Pa. 430, 434; Commercial Mortgage Corporation v. Waters, 280 Pa. 177, 179; Fay v. Deady, 82 Pa. Superior Ct. 187; Grotefend v. Laundry Co., 88 Pa. Superior Ct. 510, 515.

Where one of two innocent parties must suffer loss by the act of the third, he who clothed the wrongdoer with the power to injure must himself bear the loss: P. R. R. Co.'s App., 86 Pa. 80; Wolfgang v. Shirley, 239 Pa. 408; Gurdus v. Bank, 273 Pa. 110, 119; B. V. D. Co. v. Kaufman & Baer Co., 279 Pa. 152, 158; Shaub v. Shaub, 71 Pa. Superior Ct. 456, 463; Colonial Finance Co. v. Hagaman & Gove, 81 Pa. Superior Ct. 439; Grotefend v. Laundry Co., 88 Pa. Superior Ct. 510, 515.

OPINION BY MR. JUSTICE WALLING, April 15, 1929:

The defendant, St. John's Church, Windber, Pa., is an unincorporated Roman Catholic Church organization,

located in Somerset County, of which Rev. J. A. Figlewski was pastor or priest, and as such gave the plaintiff bank a note as follows: "2500 00/100 Davidsville, Pa., Nov. 30, 1925.

"On demand after date, we or either of us promise to pay to the order of THE FIRST NATIONAL BANK, DAVIDSVILLE, PA., at the FIRST NATIONAL BANK, DAVIDSVILLE, PA., Two thousand five hundred and no/100——Dollars without defalcation, value received. [Containing power of attorney to confess judgment, waiving inquisition, exemption, etc.]

"WITNESS OUR HANDS AND SEALS

"St. John's Church, Windber, Pa. (Seal)."

"Rev. J. A. Figlewski, Pastor (Seal)."

Judgment was confessed on the note but upon petition to open, answer thereto and testimony, it was opened without terms and an issue was framed to determine the validity of the note. At the close of the testimony the trial judge directed a verdict for plaintiff and from judgment entered thereon defendant brought this appeal.

The judgment cannot be sustained. In the summer of 1923, the church membership, at a properly convened meeting, decided to repair their school building and erect a convent and to secure a loan of $15,000 for that, purpose. Under the rule of the church a parish like the defendant could not incur an indebtedness exceeding $500 without the consent of the bishop of the diocese. Hence, the pastor sought and obtained a permit, as follows: "CHANCERY 1211 Thirteenth St., Altoona, Pa., July 7-23

"Rev. J. Figlewski:

"St. John's Church, Windber.

"Dear Father: At a meeting of the Diocesian Consultors you were granted permission to contract a debt of $15,000 for masonry repairs & changes to school & convent.

"By Order of the Rt. Rev. Bishop Bernard Conlay

"Sec'y Consultors."

Some two years and four months after the permit was issued the pastor presented it to the plaintiff and obtained thereon a loan of $2,500, for which he gave the note in suit. There was oral testimony that he told the bank the permit was not nearly exhausted. So far as appears, he made no representations to the bank as to the action taken by the congregation. The evidence for the defendant was that the church had obtained loans to the amount of the $15,000 from two local banks shortly after the date of the permit; with which, and some $10,000 additional raised by the congregation, the specified improvements were made during 1923 and 1924. The loan in suit was the only one made by the pastor from plaintiff for defendant, although he was known to the bank and had previously done business with it. The proof tends to show that soon after making the loan in suit the pastor absconded with the $2,500. From the church funds the succeeding pastor paid the interest on this note for two years, but testified that he did so in ignorance of the true situation and without the knowledge or approval of the lay members.

The financial management of the church property is in the hands of the lay membership, and the bishop is merely the custodian of the title, as dry trustee, for the use of the congregation. The church property belongs to the lay members. See Act of April 26, 1855, P. L. 328, as amended by Act of June 2, 1887, P. L. 298; St. Joseph's Lithuanian Roman Catholic Church's Petition, 273 Pa. 486; St. Casimir's Polish R. C. Church's Case, 273 Pa. 494; Krauczunas v. Hoban, 221 Pa. 213. By law the bishop cannot create an indebtedness without the consent of the congregation nor under the canons of the church can it incur an indebtedness exceeding $500 without his permit. Each is a check upon the other.

The trial court erred in treating the mere permit and assurance of the pastor that it was not exhausted as warranting the loan. The age of the permit, nearly two and a half years, was such as to require inquiry of the

congregation. The plaintiff bank and the church were close neighbors and slight inquiry by the former would doubtless have disclosed the fact that the improvements stated in the permit had been completed and paid for, inter alia, by funds secured from other banks, to the full amount of the permit and that the congregation had refused to request a further permit. If, as a matter of fact, the church had previously secured loans to the full amount of the permit, it was functus officio. One who gives credit to a pastor on the faith of an old permit without inquiry from the congregation does so at his peril. Otherwise a pastor might bankrupt the church for his own purposes despite the limit in the permit. Happily, it is rare that a priest or pastor betrays his church. That the pastor had possession of the old permit proved nothing as to its vitality. The money having been secured from different banks, there was nothing strange in his retention of the permit, especially as it was his warrant for executing the notes. That it had been fully exhausted shortly after its date, quite clearly appeared by the evidence for the defense, yet the proof as to that, being oral, was probably for the jury.

Here the agency of the pastor was to borrow $15,000 for the church; when that was done and obligations given therefor, the permit was exhausted and the agency terminated. See 2 C. J. 527. Furthermore, he who relies upon the act of an agent must show his authority to do the thing relied upon: Moore's Executors v. Patterson, 28 Pa. 505. The authority cannot be proven by the words or acts of the agent (Whiting & Co. v. Lake, 91 Pa. 349), but of course it may by his testimony. "A person dealing with an agent must not act negligently, but must use reasonable diligence to ascertain whether the agent acts within the scope of his power. He is not authorized under any circumstances blindly to trust the agent's statements as to the extent of his powers": 21 R. C. L., page 853. If this loan was valid, one for the

entire $15,000 would have been. So the bishop's express limit and the like limit of the congregation would go for nought.

Had the church received the $2,500 the case would present a different aspect (see Wojciechowski v. Johnkowski, 16 Pa. Superior Ct. 444; First Baptist Church of Erie v. Caughey et al., 85 Pa. 271), but there is no evidence or even averment that it received the money or any part of it, and the burden as to that was upon the plaintiff.

True, the new pastor receiving bills for interest on the note paid them for two years, supposing, as he testified, that it was a bona fide note of the church; but if done in ignorance, that would not constitute a ratification on part of the church. In any event the burden of showing ratification was upon the plaintiff and the priest could not ratify the note without authority from the lay members. A principal can ratify the unauthorized act of an agent only when he has knowledge thereof. This may be a hard case for the bank; if so, it results from its over-confidence in the pastor, for which neither the bishop nor the congregation was blamable.

The church being without fault, the rule that where one of two innocent parties must suffer he whose negligence causes the loss must bear it does not apply. As the case was decided by the trial judge on the conclusion that as matter of law plaintiff was entitled to recover, we are granting a new venire, that the facts may perhaps be more fully developed, without discussing the various assignments of error.

Where as here a judgment is opened without terms plaintiff must prove his case as if no judgment had been entered: Harris v. Harris, 154 Pa. 501. Of course treating the permit as conclusive of the priest's authority to make the loan, what he did with the money would not be material; but in view of our conclusions as above stated, any competent evidence as to the previous exhaustion of

the permit, the receipt of the $2,500 by the church, or the ratification of the loan in question, was relevant.

The judgment is reversed and a venire facias de novo awarded.