23 N.J. Super. 165 (1952)
92 A.2d 806
RUTH PRICE, PLAINTIFF-APPELLANT,
v.
OLD LABEL LIQUOR CO. INC., A CORPORATION OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 14, 1952.
Decided November 25, 1952.
*166 Before Judges FREUND, STANTON and CONLON.
Mr. Isidor Kalisch argued the cause for appellant (Mr. Louis Asarnow, attorney for appellant).
Mr. Samuel A. Larner argued the cause for respondent (Messrs. Budd & Larner, attorneys for respondent).
*167 The opinion of the court was delivered by STANTON, J.S.C.
This is a negligence action brought by the plaintiff for damages because of injuries suffered while riding in an automobile owned by the defendant and driven by her husband Harold Price. At the close of the case the defendant moved for judgment on the ground that there was lack of proof that (1) Price was acting as the agent of the defendant at the time of the accident, and (2) she was invited by the defendant to ride in the vehicle. The motion was granted because of failure of proof of the latter proposition. The trial court predicated its determination on Zampella v. Fitzhenry, 97 N.J.L. 517 (E. & A. 1922); Bilow v. Kaplan, 11 N.J. Misc. 108 (Sup. Ct. 1933); LaBell v. Quasdorf, 13 N.J. Misc. 183 (Sup. Ct. 1935); Cowan v. Kaminow, 128 N.J.L. 398 (E. & A. 1942), in each of which it was held that the driver of an automobile was without authority to extend an invitation to ride in it on behalf of the owner.
The defendant had issued and outstanding 100 shares of capital stock and these were held as follows: by the plaintiff, 2 shares; by her husband, 48 shares, and by his sister-in-law, Ruth K. Price, 50 shares. The latter was president and the plaintiff's husband was secretary-treasurer of the corporation. The defendant's sole activity was the operation of a retail liquor package store in Hackensack. The husband was its only employee. Its business was conducted solely by him and he had complete control of its every-day operations. It owned an automobile which was used for transportation and delivery purposes. He lived in Newark and used this car daily between his home and the store.
On the day of the accident the husband telephoned the plaintiff and asked her to come to the store and tend it while he made deliveries of merchandise; when she stated that she had planned to shop, he said that she could do it in Hackensack, and he urged her to come and help; she went to Hackensack by bus that afternoon, did her shopping and thereafter went to the defendant's store. Her husband then *168 told her that he would be out longer than he had planned because he had many deliveries to make and he suggested that she have supper in Hackensack after his return and that he would drive her home upon the close of business. She agreed to this plan; she took entire care of the store while he was out and after her return from supper she helped further in the store. At the end of the day she left for home with her husband in the defendant's automobile and en route was injured allegedly as the result of his negligence.
The plaintiff contends that her husband was the sole and general manager of the defendant and was in complete charge of its business and automobile on the day of the accident; that she served in the store without any agreement for, or expectation of, monetary compensation, but that the promise of a ride home in the defendant's automobile was in the nature of a quid pro quo and that it was within the scope of her husband's employment and of his authority to offer her this ride as the defendant's guest in exchange for her services to it.
There is no proof of express authority granted by the corporation to the husband to extend the invitation in question. The question therefore arises whether he had the implied or the apparent authority to do so. In Carlson v. Hannah, 6 N.J. 202, 212 (1951), it was stated:
"The power of an agent to bind his principal is limited to such acts as are within his actual or apparent authority. Baurhenn v. Fidelity, etc., of Maryland, 114 N.J.L. 99, 104 (E. & A. 1934). Such actual authority may be express or implied. Implied authority may be inferred from the nature or extent of the function to be performed, the general course of conducting the business, or from the particular circumstances of the case. Implication is but another term for meaning and intention; express authority given to an agent includes by implication, whether the agency be general or special, unless restricted to the contrary, all such powers as are proper and necessary as a means of effectuating the purposes for which the agency was created. Sibley v. City Service Transit Co., 2 N.J. 458, 463 (1949); 2 Am. Jur. (Agency) § 86, p. 70. Accordingly, it is well settled that, unless otherwise agreed, the authority of an agent to manage a business extends no further than the direction of the ordinary operations of the business, including authority *169 to make contracts which are incidental to such business, are usually made in it, or are reasonably necessary in conducting it."
It is well settled in cases depending upon the apparent authority of the agent that the question is whether the principal by his voluntary act has placed the agent in such a position that a person of ordinary prudence conversant with business usages and the nature of the particular business would be justified in presuming that the agent had the authority to perform the act in question, and when the party relying upon such apparent authority presents evidence which would justify a finding in his favor, he is entitled to have the matter submitted to the jury. J. Wiss & Sons Co. v. H.G. Vogel Co., 86 N.J.L. 618 (E. & A. 1914); American Weld Works v. Royal Indemnity Co., 109 N.J.L. 104 (E. & A. 1932).
A jury question is presented where there are disputed facts or where disputed inferences may be drawn from undisputed facts. Bachman Chocolate Mfg. Co. v. Lehigh Warehouse & Trans. Co., 1 N.J. 239 (1949).
While it was established in Hudson v. Gas Consumers Association, 123 N.J.L. 252 (E. & A. 1939), as the law of this State that a master may be required to answer to the wife of a servant for the tort of the latter, the fact that the plaintiff is the wife of the employee and that they and his sister-in-law are the only stockholders of the defendant, a small family corporation, places this case in a background which may tend to distort the picture. And there may be a temptation in a case such as this to peep behind the corporate veil to see if a wife is suing her husband for tort. But the corporation is an entity separate and distinct from the husband and wife and there is no suggestion here of any misuse of the corporate structure. The background must be ignored and there can be no peeping.
It is our opinion that a jury question was presented as to whether the plaintiff was riding in the automobile as the guest of the defendant or of her husband; whether the husband had the authority in return for the services of the *170 plaintiff furnished to the defendant to compensate her by driving her to their home in the defendant's automobile; and whether such action on the husband's part was within the scope of his employment as the manager of the defendant's business.
The judgment is reversed and a new trial ordered.