Anna **BOWMAN** and Doris **Bowman,**
Appellants,

v.

The **HOME LIFE INSURANCE COM-
PANY OF AMERICA.**

No. 12595.

United States Court of Appeals
Third Circuit.

Argued Oct. 8, 1958.

Decided Nov. 7, 1958.

Rehearing Denied Dec. 2, 1958.

Joseph Matusow, Philadelphia, Pa. (Irving Marks, Philadelphia, Pa., on the brief), for appellants.

Robert T. McCracken, Philadelphia, Pa. (Richard E. McDevitt, Mercer D. Tate, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and STALEY, Circuit Judges.

GOODRICH, Circuit Judge.

This case is here for the second time. The facts are stated in the original opinion, Bowman v. Home Life Ins. Co., 3 Cir., 1957, 243 F.2d 331. In that decision we sent the case back to the district court and a second trial was had resulting in a verdict for the defendant. The trial judge filed an opinion, D.C.E.D.Pa.1958, 159 F.Supp. 701, and the plaintiffs appeal.

The case has to do with the liability of the employer insurance company for the acts of its field underwriter who, masquerading as a physician, took liberties with the female plaintiffs which were highly improper unless performed by a physician. We held in the first decision that there was evidence sufficient to sustain a finding that the company was liable for the acts of its agent. A charge in-

corporating this rule of law was properly put in the district court's direction to the jury at the second trial.

The only point on appeal is the correctness of the trial judge's charge relating to the duty of the plaintiffs to use prudence to protect themselves from the consequences of fraud. The words used in instructing the jury were as follows:

"Persons dealing with an agent, particularly a stranger or one with whom the party has not theretofore dealt as an agent, and, of course, in this case there is some testimony here that Bruno had had previous business dealings with the plaintiff, Mrs. Bowman, under the circumstances as I have indicated, must act with ordinary prudence. They must use reasonable diligence to protect (11) themselves against improper conduct and fraud of such agent.

"Therefore, if the agent Bruno, in representing himself as a physician authorized to perform medical examinations was acting in such a manner that his fraud should have been apparent to a person of ordinary prudence in the exercise of reasonable diligence to avoid offensive bodily contact, then the plaintiffs cannot recover."

We think this charge is incorrect. Once the jury is properly instructed, as it was, on the matter of the responsibility of a principal for acts of its agent, then the question becomes one of the tortious conduct of the agent—whether the acts done by the agent under the circumstances resulted in an actionable tort. If they did the consequences of that tort will be attributed to the principal for reasons already discussed. 3 Cir., 1957, 243 F.2d 331. This is not because of any personal wrong on the principal's part but because, under the circumstances, the principal is liable for the agent's misconduct.

We look at the question in the first instance then just as though the suit was against the fraudulent underwriter who posed as a physician. Where a plaintiff seeks recovery for injuries resulting from a fraudulent misrepresentation is the plaintiff under a duty to exercise reasonable diligence to protect himself from being deceived?

Restatement, Torts, § 540 states the rule as follows:

"The recipient in a business transaction of a fraudulent misrepresentation of fact is justified in relying upon its truth, although he might have ascertained the falsity of the representation had he made an investigation."

The present case involves a "business transaction" which in the scope note to the topic is said to include "any action which affects the plaintiff's financial or economic interests." The purchase of an insurance policy is such a transaction and was the one involved on the part of both plaintiffs here.

The rule of Restatement, Torts § 540 apparently has found recognition in the Pennsylvania decisions and they govern this case. As stated in Sutton v. Morgan, 1893, 158 Pa. 204, 27 A. 894, 895, 38 Am. St.Rep. 841, "neglect or want of prudence cannot justify the falsehood or fraud of those who practiced upon * * * credulity. The doctrine of contributory negligence cannot be invoked by the defendants to save them from liability for misleading their victim." See also Lake v. Thompson, 1951, 366 Pa. 352, 77 A.2d 364, 367; Braunschweiger v. Waits, 1897, 179 Pa. 47, 36 A. 155, 156; Max Meadows Land & Improvement Co. v. Mendinhall, 1897, 4 Pa.Super. 398, 406. While the cited cases are factually distinguishable—the former two involving equitable actions to rescind or cancel instruments and the latter two defenses to suits by sellers for the purchase price of property—their broad language commends their application to suits for damages. The leading writers in the field agree. Prosser, Torts § 89 at 551–552 (2d ed. 1955); 1 Harper & James, Law of Torts § 7.12 at 581–583 (1956).

As may be seen from inspection, the charge of the trial judge was to the contrary. We do not know on what basis the jury decided this case. It may have disbelieved the story of the plaintiffs which,

in part at least, was contradicted. But, no matter what theory the jury adopted, they were erroneously instructed on the point stated above.

 In addition, if the charge was intended to cover the necessity of reliance by the plaintiffs upon the apparent authority created by the insurance company in Bruno under the circumstances outlined in the first opinion in this case, it is likewise erroneous. Certainly these plaintiffs must be found by the trier of the facts to have relied on the indicia of authority originated by the principal before there can be recovery for the wrong committed by the agent. The point is accurately stated in Comment a to Section 8, Restatement, Agency 2d. "Apparent authority exists only with regard to those who believe and have reason to believe that there is authority. * * *" This is a different rule from that charged. It covers and conditions reliance, but does not impose upon the plaintiffs as does the charge the duty of affirmative action to protect themselves against the consequences of an intentional tort.

 Although language in some Pennsylvania cases would seem to suggest that the test is as prescribed by the trial court below,[1] we think that they cannot properly be regarded as going that far. All the cases which have been brought to our attention involve situations in which the party dealing with the agent should have been on notice that the agent's authority was other than as represented by the agent.[2] Of course, once a party should be on notice; i.e., once his reliance is un-

reasonable, he acts at his own risk in determining the existence or scope of the agent's authority.[3] Such a conclusion, however, must await proper instruction of the jury.

The judgment of the district court will be reversed and the case remanded for further proceedings consistent with this opinion.

1. Fishman v. Davidson, 1951, 369 Pa. 39, 85 A.2d 34, 37; Davidsville First Nat. Bank v. St. John's Church, Windber, 1929, 296 Pa. 467, 146 A. 102, 103; Culbertson v. Cook, 1932, 308 Pa. 557, 162 A. 803, 806; Severance v. Heyl & Patterson, Inc., 1936, 123 Pa.Super. 553, 187 A. 53, 58; O'Donnell v. Union Paving Co., 1936, 121 Pa.Super. 68, 182 A. 709, 710. Cf. Peoples First National Bank & Trust Co. v. Gaudelli, 1955, 177 Pa.Super. 212, 110 A.2d 900, 901.

2. Ibid. In O'Donnell v. Union Paving Co., supra, the court affirmed a judgment against the principal.

3. Ibid. In Diuguid v. Bethel African Methodist Episcopal Church of Pittsburgh, 1935, 119 Pa.Super. 493, 180 A. 737, and in Murphy v. Beverly Hills Realty Corp., 1929, 98 Pa.Super. 183, judgments against principals were affirmed in situations in which the plaintiffs could have apprised themselves of the scope of the agents' authority had they inquired. Cf. Keller v. New Jersey Fidelity & Plate Glass Ins. Co., 1932, 306 Pa. 124, 159 A. 40.