CHARLES WALLACH, PLAINTIFF-APPELLANT, v. LLOYD E.
WILLIAMS, DEFENDANT, AND ANTHONY GENATONE,
TIDEWATER OIL CO., INC. AND TIDEWATER REALTY
CO., INC. DEFENDANTS-RESPONDENTS.

Decided October 21, 1968.

*Mr. John Tomasin* argued the cause for plaintiff-appellant.

*Mr. Sidney Dincin* argued the cause for defendants-respondents.

*Mr. William L. Dill, Jr.* argued the cause for Humble Oil & Refining Company, Sun Oil Company, Mobil Oil Corporation, Shell Oil Company, Gulf Oil Corporation and The American Oil Company, *amici curiae (Messrs. William L. Dill, Jr.* and *Burtis W. Horner,* of counsel; *Messrs. Stryker, Tams & Dill,* attorneys).

The opinion of the court was delivered.

PER CURIAM. The judgment is affirmed substantially for the reasons advanced by the Appellate Division. (103 *N. J. Super.* 195 (1968)).

After the original oral argument of the appeal we concluded that the issues involved were sufficiently important to the motoring public and to the oil companies operating in this area to warrant an invitation to a number of such companies to intervene as *amici curiae.* The companies listed above appeared, filed briefs, furnished specimen copies of various service station leases and dealer contracts as well as photographs of service stations of various types and appearance, and submitted copies of radio, television and news media advertising programs which they had engaged in to promote public interest in the service stations and the purchase of the products and services sold there. Thereafter plaintiff's appeal was reargued with counsel for the *amici* participating.

██ Our consideration of the appeal must be confined to the record made in the trial court. On the basis of that record, including the evidence plaintiff argues was excluded erroneously there, we agree with the Appellate Division that the proofs fall short of establishing a factual issue for determination by the jury as to the liability of defendant Tidewater Oil Co., Inc. for the negligent conduct of Genatone's employee. We desire, however, to note our reservation of the following question for determination in an appropriate case: If an oil company similar to Tidewater Oil Co., Inc. or to the *amici curiae,* gives the impression, by means of the appearance of a service station which it has leased to an independent contractor, or by means of its radio, television,

or other media advertising with respect to the activities conducted there, or by both means, to the ordinary service-purchasing motorist that it is operating the station *or* sufficiently in control of it for the purpose of extending an invitation to the public to buy the products or services available there, may the negligence of the lessee or his employees which results in injury to a motorist purchasing service at the station in reliance upon that impression or apparent invitation be imputed to such oil company? *Restatement (Second), Agency* § 8, *comment* e.11 at 35 (1958). Our study of the record satisfies us that plaintiff's proofs were not sufficient to call for a decision on this question.

*For affirmance* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.