Augustine GIZZI, Appellant, and
Anthony Giaccio

v.

TEXACO, INC., Appellee.

Appeal of Anthony GIACCIO.

Nos. 18976, 18977.

United States Court of Appeals,
Third Circuit.

Argued Oct. 27, 1970.

Decided Jan. 20, 1971.

Rehearing Denied March 8, 1971.

Fred Lowenschuss, Snyder & Lowenschuss, Philadelphia, Pa., for appellants.

Richard J. van Roden, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for appellee.

Before McLAUGHLIN, SEITZ and ALDISERT, Circuit Judges.

OPINION OF THE COURT

GERALD McLAUGHLIN, Circuit Judge.

The question posed on this appeal is whether the trial judge properly granted appellee Texaco's motion for a directed verdict in this personal injury action. Jurisdiction in the district court was based on diversity of citizenship and requisite amount in controversy.

Appellant Augustine Gizzi was a steady patron of a Texaco service station located on Route 130 and Chestnut

Street, Westville, New Jersey. The real estate upon which the station was situated was owned by a third party and was leased to the operator of the station, Russell Hinman. Texaco owned certain pieces of equipment and also supplied the operator with the normal insignia to indicate that Texaco products were being sold there.

In June of 1965, the station operator, Hinman, interested Gizzi in a 1958 Volkswagen van, which Hinman offered to put in good working order and sell for $400. Gizzi agreed to make the purchase and Hinman commenced his work on the vehicle. The work took about two weeks and included the installation of a new master braking cylinder and a complete examination and testing of the entire braking system. On June 18, 1965 Gizzi came to the station and paid the $400. He was given a receipt for the payment and was told that the car would be ready that evening. Gizzi returned at about six o'clock, accompanied by appellant Anthony Giaccio. They took the van and then departed for Philadelphia, Pennsylvania, to pick up and deliver some air-conditioning equipment. While driving on the Schuylkill Expressway, Gizzi attempted to stop the vehicle by applying the brakes. He discovered that the brakes did not work and, as a result, the vehicle collided with the rear end of a tractor trailer causing serious injuries to both Gizzi and Giaccio.

Texaco, Inc. was the only defendant named in the complaint and at trial, the testimony was all directed to the corporation's liability, the court having asked for an offer of proof on that question.

With regard to the sale of this vehicle, no actual agency existed between Texaco and Hinman. Although most of the negotiations involved in the transaction took place at the Texaco station, the record indicates that Hinman was selling the van on his own behalf, and not on behalf of Texaco. Texaco received no portion of the proceeds. The corporation was not designated the seller on the bill of sale, title to the vehicle being listed in the name of a company located in Atlantic City, New Jersey. Gizzi did receive a Texaco credit invoice as a receipt for the cash he paid. It would seem that this was an available convenience utilized by Hinman to record the transaction.

The repair work performed by Hinman was incidental to the sale of the vehicle. He offered to put the vehicle into good working order to further induce Gizzi to purchase it. Some work was done on the van after the money had been paid on June 18 and all work on the braking system was completed prior to that date.

The theory of liability advanced by appellants below was that Texaco had clothed Hinman with apparent authority to make the necessary repairs and sell the vehicle on its behalf and that Gizzi reasonably assumed that Texaco would be responsible for any defects, especially defects in those portions of the van which were repaired or replaced by Hinman. It was further contended that Gizzi entered into the transaction relying on this apparent authority, thereby creating a situation in which Texaco was estopped from denying that an agency did in fact exist.

The concepts of apparent authority, and agency by estoppel are closely related. Both depend on manifestations by the alleged principal to a third person, and reasonable belief by the third person that the alleged agent is authorized to bind the principal. The manifestations of the principal may be made directly to the third person, or may be made to the community, by signs or advertising. Restatement (Second), Agency §§ 8, 8B, 27 (1957). In order for the third person to recover against the principal, he must have relied on the indicia of authority originated by the principal, Bowman v. Home Life Ins. Co. of America, 260 F.2d 521 (3 Cir. 1958); Restatement (Second), Agency § 267 and such reliance must have been reasonable under the circumstances. N. Rothenberg & Son, Inc. v. Nako, 49 N.J.Super. 372, 139 A.2d 783 (App.Div.1958);

Hoddeson v. Koos Bros., 47 N.J.Super. 224, 135 A.2d 702 (App.Div.1957); Mattia v. Northern Ins. Co. of New York, 35 N.J.Super. 503, 114 A.2d 582 (App.Div. 1955); Elger v. Lindsay, 71 N.J.Super. 82, 176 A.2d 309 (County Court 1961).

In support of their theory of liability, appellants introduced evidence to show that Texaco exercised control over the activities of the service station in question. They showed that Texaco insignia and the slogan "Trust your car to the man who wears the star" were prominently displayed. It was further established that Texaco engaged in substantial national advertising, the purpose of which was to convey the impression that Texaco dealers are skilled in automotive servicing, as well as to promote Texaco products, and that this advertising was not limited to certain services or products. The record reveals that approximately 30 per cent of the Texaco dealers in the country engage in the selling of used cars and that this activity is known to and acquiesced in by the corporation. Actually Texaco had a regional office located directly opposite the service station in question and Texaco personnel working in this office were aware of the fact that used vehicles were being sold from the station. It was further established that there were signs displayed indicating that an "Expert foreign car mechanic" was on the premises.

Appellant Gizzi testified that he was aware of the advertising engaged in by Texaco and that it had instilled in him a certain sense of confidence in the corporation and its products.

 In granting Texaco's motion for a directed verdict the court stated:

"I am convinced that as a matter of law there could not be any apparent authority on the basis of what I heard so far or what I have had the slightest glimmer that you could show, no apparent authority on the part of this operator to bind Texaco in connection with the sale of this used Volkswagon bus * * *

"In short, nobody could reasonably interpret any of these slogans or representations or indicia of control as dealing with anything more than the servicing of automobiles, and to the extent of putting gas in them and the ordinary things that are done at service stations.

"That 'Trust your car to the man who wears the star' could not possibly be construed to apply to installing new brake systems or selling used cars."

We are of the opinion that the court below erred in granting the motion. Questions of apparent authority are questions of fact and are therefore for the jury to determine. Lind v. Schenley Industries, Inc., 278 F.2d 79 (3 Cir. 1960); System Investment Corp. v. Montview Acceptance Corp., 355 F.2d 463 (10 Cir. 1966); Frank Sullivan Co. v. Midwest Sheet Metal Works, 335 F.2d 33 (8 Cir. 1964). On a motion for a directed verdict, and on appeal from the granting of such a motion, all evidence and testimony must be viewed in a light most favorable to the party against whom such motion is made and that party is entitled to all reasonable inferences that could be drawn from the evidence. Continental Ore Co. v. Union Carbide & Carbon Corp., 370 U.S. 690, 82 S.Ct. 1404, 8 L. Ed.2d 777 (1962); Denneny v. Siegel, 407 F.2d 433 (3 Cir. 1969). While the evidence on behalf of appellants by no means amounted to an overwhelming case of liability, we are of the opinion that reasonable men could differ regarding it and that the issue should have been determined by the jury, after proper instructions from the court.

For the reasons stated herein, the order of the district court will be vacated and the case remanded for further proceedings consistent with this opinion. We do not pass on the merits of any other claims advanced on this appeal, but leave them for the consideration of the district court on the remand.

SEITZ, Circuit Judge (dissenting).

I would affirm the order of the district court.

The two plaintiffs in this case each seek to recover damages for their personal injuries, claiming that Texaco is liable under the following four theories: (1) breach of warranty with respect to the sale of the delivery van; (2) breach of warranty with respect to the repairs which were made on the van before the sale; (3) vicarious liability for Hinman's negligence in repairing the van; and (4) negligence in permitting an unqualified person such as Hinman to perform repairs at its service station. Although this diversity action was brought in the Eastern District of Pennsylvania, where the accident occurred, it is not disputed that the issue of Texaco's liability is governed by the substantive law of New Jersey.

Plaintiffs first claim that Hinman warranted that the van was in good running condition and had no mechanical defects; at trial, they presented evidence which indicated that Hinman expressly told them that the van was "in A–1 shape" and that the brakes in particular were in good working order. I agree with the majority that no actual agency relationship existed between Texaco and Hinman with respect to the sale of used vehicles, but I disagree that the district court erred in granting Texaco a directed verdict on the issues of apparent agency and agency by estoppel. The following statement of New Jersey law is pertinent to the disposition of this case:

> "One who represents that another is his agent and thereby causes a third person justifiably to rely upon the care or skill of such apparent agent is subject to liability to the third person for harm caused by the lack of care or skill of the one appearing to be servant as if he were such. Restatement, Agency, par. 267. * * * This rule normally applies where the plaintiff has submitted himself to the care or protection of an apparent servant in

response to an apparent invitation from the defendant to enter into such relations with such servant. A manifestation of authority constitutes an invitation to deal with such servant and to enter into relations with him *which are consistent with the apparent authority."*

Elger v. Lindsay, 71 N.J.Super. 82, 176 A.2d 309, 312 (Law Div.1961) (emphasis added); *see* N. Rothenberg & Son, Inc. v. Nako, 49 N.J.Super. 372, 139 A.2d 783 (App.Div.1958); Price v. Old Label Liquor Co., 23 N.J.Super. 165, 92 A.2d 806 (App.Div.1952). Assuming that a person of ordinary prudence would be entitled to believe that Hinman was Texaco's agent in the sale of gasoline, oil, tires, and other items which are ordinarily sold at a filling station, it does not follow that a reasonable man would believe that Hinman's apparent authority extended to the sale of used cars. Such a belief would, in my view, be unreasonable. Moreover, in the absence of an appearance of agency, Texaco's mere acquiescence in the sale cannot be said to create an agency by estoppel. Where the evidence permits only one reasonable conclusion on the issue of agency, that issue must be decided by the trial court, not the jury. Harvey v. Craw, 110 N.J.Super. 68, 264 A.2d 448 (App.Div.1970).

I believe that a directed verdict was equally proper on plaintiffs' second and third theories of liability, involving the repairs which Hinman performed on the van. In Wallach v. Williams, 52 N.J. 504, 246 A.2d 713 (1968), the Supreme Court of New Jersey expressly reserved decision on whether an oil company which creates the impression by signs and advertising that it operates a service station can be held liable for the negligence of an independent contractor who operates the station. The facts of the present case also make it unnecessary to decide this issue. As both the majority and the district court have indicated, the repair work was purely incidental to the sale of the vehicle. Gizzi quoted Hinman as offering not only to

sell the van for $400 but also to replace the master cylinder and muffler, repair the engine, repaint the vehicle, and generally "put it in A–1 shape" at no extra charge. I agree with the district judge that, considering plaintiffs' evidence in its most favorable light, the sale was strictly a personal transaction and Hinman made the repairs in his individual capacity simply to induce the sale. Particularly since the cost of the repairs was absorbed into the overall sales price, which was payable directly to Hinman, in my view, no reasonable man could conclude that· Hinman was acting as a servant or agent of Texaco.

Finally, I believe that a directed verdict was proper on plaintiffs' claim that Texaco negligently permitted Hinman to perform automobile repairs even though he was unqualified and incompetent to do such work. Plaintiffs' only evidence was that Texaco itself did not give Hinman any specialized training. They produced no evidence to show either Hinman's incompetence or Texaco's negligence.