PENN FINANCE CORPORATION
v.
CHELSEA TITLE & GUARANTY CO.
v.
George J. McGINNIS, III, et al.,
v.
Giacomo ROSATI.
Civ. A. No. 70–1661.

United States District Court,
E. D. Pennsylvania.

Feb. 21, 1974.

As Amended March 1, 1974.

---

Joseph Rappaport, Philadelphia, Pa., for plaintiff.

Thomas M. Kittredge, Philadelphia, Pa., for defendant.

William H. R. Casey, Warminster, Pa., George W. Hoft, Joseph D. Shein, Allan M. Dabrow, Philadelphia, Pa., for third parties.

## MEMORANDUM AND ORDER

FOGEL, District Judge.

▮ Presently before the Court are two motions by third-party plaintiffs for summary judgment, the first made by Chelsea Title & Guaranty Company (Chelsea) against The New Jersey National Bank, and the second made in turn by The New Jersey National Bank against Giacomo Rosati (Rosati). The original claim in this action brought by Penn Finance Corporation against Chelsea has been settled and only the third-party actions remain for adjudication.[1] At issue in these two motions before us is the liability of The New Jersey National Bank and Rosati for a check paid on an allegedly forged indorsement.

On April 18, 1969, Chelsea drew its check in the amount of $10,000.00 payable to the Jersey Wholesale Fence Company. This check was purported to have been indorsed by Leroy Lowery, president of the Jersey Wholesale Fence Company to the order of Giacomo Rosati. Rosati indorsed the check for deposit and deposited it in his account at the First Trenton National Bank, now known as The New Jersey National Bank. As the collecting bank, the First Trenton National Bank, now The New Jersey National Bank, indorsed the check (P.E.G.—Prior endorsements guaranteed) and forwarded it for collection on April 18, 1969, and the check was paid by the Trenton Trust Company, the drawee bank, on April 21, 1969.

Chelsea seeks judgment against The New Jersey National Bank on the theory that the purported indorsement of Lowery's signature was a forgery, that its own bank, the drawee bank (which is not a party to this action), improperly paid the check, and that The New Jersey National Bank is ultimately liable on the instrument for having improperly transferred the check for collection to the drawee bank. [The drawee bank assigned its rights against The New Jer-

---

1. Chelsea's claim against the Jersey Wholesale Fence Company has also been settled. Although the remaining claims do not have an independent jurisdictional basis, it is clear that jurisdiction of this court still attaches to the ancillary third- and fourth-party claims, which arose from the same aggregate of facts constituting the original plaintiff's claim and which sought to reallocate the burden imposed upon the original defendant. Pennsylvania Railroad Company v. Erie Avenue Warehouse Co., 302 F.2d 843, 846 (3d. Cir. 1962). The original jurisdiction of this court was based upon the diversity of citizenship and the amount in controversy (in excess of $50,000.00) between Penn Finance Corporation, a citizen of Pennsylvania, and Chelsea, a citizen of New Jersey. In light of the advanced stage of this litigation and settlements between the parties, we found it appropriate to retain jurisdiction of the ancillary claims. *See id.*

sey National Bank, the collecting bank, to Chelsea, and The New Jersey National Bank has admitted to the direct suit.]

■ In support of its motion for summary judgment, Chelsea alleged that there was not sufficient evidence of record to withstand summary judgment in its favor and relied upon the following evidence: (1) its allegation of forgery; (2) the depositions of McGinnis, the secretary of Jersey Wholesale Fence Company, and Lowery, its president; and (3) The New Jersey National Bank's failure to deny the forgery or to set forth specific facts as called for by Rule 56(e), Federal Rules of Civil Procedure.

Although The New Jersey National Bank may not have met the burden imposed by Rule 56(e) upon a party opposing a motion for summary judgment, in the present actions interrelated questions of liability and defenses arising from the same set of facts dictated our consideration of evidentiary matter and pleadings from both actions and motions before us in order to avoid the inequity of possibly inconsistent results. Cf. Adickes v. S. H. Kress & Co., 398 U.S. 144, 153, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

In opposition to The New Jersey National Bank's motion for summary judgment against Rosati as a prior transferor of the check, Rosati had asserted that no warranty of transfer had been breached because McGinnis's indorsement of Lowery's signature was made with apparent authority and therefore was not a forgery. Because a finding of such authorization, albeit apparent, may preclude recovery against The New Jersey National Bank as well as against Rosati for a breach of a transferor's warranty, we asked for further briefing on the question of the sufficiency of the record for summary judgment in favor of the two movants, Chelsea and The New Jersey National Bank.

In response to our request, Chelsea and Rosati filed supplemental memoranda in which the parties discussed the issue of McGinnis's apparent authority to indorse Lowery's signature on the instrument. Admittedly, as Chelsea contends, the concept of apparent authority depends upon manifestation by the alleged principal to the third person or community that the alleged agent has authority, and there is little evidence of record at this juncture to suggest that Rosati relied on any manifestation of the Jersey Wholesale Fence Company for his belief that McGinnis was authorized to indorse the signature of the company's president. However, during his deposition, Rosati did testify that he had some independent knowledge of McGinnis's business dealings. [Rosati's deposition p. 20]

We are accordingly unable to determine from the present record that the appearance of McGinnis's authority to indorse Lowery's signature derived wholly from McGinnis's own representations, as Chelsea contends, and not indirectly from the company's manifestations to the community. All inferences of fact, doubts and issues of credibility must be resolved against the moving parties. Smith v. Pittsburgh Gage and Supply Co., 464 F.2d 870, 874 (3d Cir. 1972); J. Moore, 6 Federal Practice ¶ 56.15 [3]. The movants have not met their burden of demonstrating to this Court that the purported indorsement was without doubt a forgery, and we must conclude that the authorization of Lowery's purported indorsement remains a genuine issue of fact which is material to both third-party actions. The question of apparent authority is properly left for jury determination, Gizzi v. Texaco, Inc., 437 F.2d 308, 310 (3d Cir. 1971), and we therefore deny the motions for summary judgment.