195 N.J. Super. 311 (1984)
478 A.2d 1262
JOSEPH C. SHADEL, PLAINTIFF,
v.
SHELL OIL COMPANY, ANTONIO VAMVOURIS T/A GREAT NOTCH SHELL STATION, AND ALTON KONUR, DEFENDANTS.
Superior Court of New Jersey, Law Division Passaic County.
Decided March 6, 1984.
*312 Jeffrey W. Herrmann, for plaintiff (Cohn & Lifland, attorneys).
Mark L. Czyz, for defendant Shell Oil Company (Mattson, Madden & Polito, attorneys).
Brendan D. Cook, Member of Texas Bar, Appearing Pro Hac Vice for Shell Oil Company.
SAUNDERS, J.S.C.
This opinion is an extension of an oral opinion rendered February 3, 1984.
This case raises a previously unresolved issue. Can an oil company, which creates the impression by signs and advertising *313 that it operates a service station, be held liable to customers for the tortious actions of employees of an independent contractor who operates the station? This question was expressly reserved and left unanswered by our Supreme Court in Wallach v. Williams, 52 N.J. 504 (1968).
The affidavits (including all reasonable inferences) reveal the following material facts:
Shell Oil Company (Shell) was the owner of a service station located on Route 46, Little Falls, N.J. which was leased to the defendant Antonio Vamvouris t/a Great Notch Shell Station (Vamvouris) through a motor fuel station lease and dealer agreement. Shell owned various pieces of equipment in the station, including signs, pumps, tanks and miscellaneous products. Shell authorized Vamvouris to use Shell's name, insignia, uniforms and colors to identify the station as a "Shell" station and to advertise that Shell products and services were being sold there. Shell engaged in an advertising campaign in which it distributed "Answer-Man" booklets at its stations. These booklets were to aid motorists in the operation and service of their automobiles.
Plaintiff Joseph C. Shadel (Shadel) had been a patron of this station for a number of years. He believed that Shell was a large international company which cared about its customers. He picked up "Answer-Man" booklets on a number of occasions. Shell's advertising led Shadel to believe that they made a special effort to provide good service to its customers. Shadel believed that the station was owned and operated by Shell and had no reason to believe that the station was operated by an independent franchisee.
On August 13, 1982, Shadel patronized the station to purchase gasoline. Defendant Alton Konur (Konur), an attendant, responded and began to service the vehicle. A dispute arose over the type of gasoline requested and the appropriate payment for the gasoline received. Shadel was knocked to the ground by Konur. Shadel filed suit against defendants Shell, *314 Vamvouris and Konur, for personal injuries sustained in the incident.
Shell now brings a Motion for Summary Judgment urging that any injuries sustained by the plaintiff were caused by the employee of an independent contractor over whom they had no control. The court, in an oral opinion, ruled that there was no evidence of actual authority or control by Shell over defendants, Vamvouris and Konur. The defendant Vamvouris was an independent contractor and Konur his employee. Plaintiff now argues that Shell's conduct creates an issue of fact for liability on the theory of apparent authority. We now address that issue.
The doctrine of apparent authority is stated in Restatement, Agency 2d § 267 (1958):
One who represents that another is his servant or other agent and thereby causes a third person justifiably to rely upon the care or skill of such apparent agent is subject to liability to the third person for harm caused by lack of care or skill of the one appearing to be a servant or other agent as if he were such.
This doctrine generally presupposes the existence of a principal-agent relationship but it is not necessary to the application of the doctrine. The doctrine of apparent authority is well recognized within the law of agency and firmly established in the State of New Jersey. See Arthur v. St. Peters Hospital, 169 N.J. Super. 575 (Law Div. 1979) (hospital liable for independent physician's negligence); Hill v. Newman, 126 N.J. Super. 557 (App.Div. 1973) (vendor of furniture liable for acts of independent repairman sent to buyer's home); Elger v. Lindsay, 71 N.J. Super. 82 (Law Div. 1961) (insurance agent had apparent authority to create insurance contract). Also see N. Rothenberg & Son, Inc. v. Nako, 49 N.J. Super. 372 (App.Div. 1958); Price v. Old Label Liquor Co. Inc., 23 N.J. Super. 165 (App. Div. 1952); J. Wiss & Sons Co. v. H.G. Vogel Co., 86 N.J.L. 618 (E & A 1914). It imposes liability, not as the result of a contractual relationship but because of the actions of a principal in misleading the public into believing that the relationship or the authority exists. The rule is closely related to the doctrine of estoppel. Arthur v. St. Peters Hospital, supra. *315 Thus where one party, by his words or conduct, causes another to believe in the existence of a certain state of affairs, inducing the other to act on such belief, the former party will be estopped to assert a different state of affairs.
While the doctrine of apparent authority is generally recognized, no New Jersey decision has applied it to establish liability upon an oil company for the tortious conduct of its independent operators or their employees.
The only decision considering New Jersey law on the subject is Gizzi v. Texaco Inc., 437 F.2d 308 (3d Cir.1971), cert. den. 404 U.S. 829, 92 S.Ct. 65, 30 L.Ed.2d 57 (1971).
In Gizzi the plaintiff was injured as a result of defective brakes in a used car purchased from a Texaco franchise. The dealer performed repair work on the brakes incidental to the sale of the car. The court found that evidence of a national advertising campaign conveying to the public the impression that Texaco dealers were skilled in automotive services and that a significant number of those dealers engaged in selling used cars could have led the plaintiff to believe that he was dealing directly with Texaco or one of its agents and not an independent contractor.
The court stated:
The manifestations of the principal may be made directly to the third person, or may be made to the community, by signs or advertising.
........
Questions of apparent authority are questions of fact and are therefore for the jury to determine. [437 F.2d at 309-310.]
The decision in Gizzi has been cited as authority in similar cases in other jurisdictions. See Chevron Oil Co. v. Sutton, 85 N.M. 679, 515 P.2d 1283 (1973); Johnston v. American Oil Co., 51 Mich.App. 646, 215 N.W.2d 719 (1974). It has also been cited as authority in other franchise cases. See Drexel v. Union Prescription Centers Inc., 582 F.2d 781 (3d Cir.1978); Drummond v. Hilton Hotel Corp., 501 F. Supp. 29 (E.D.Pa. 1980).
Conversely, there are a number of decisions which hold that the mere use of signs and advertising bearing the oil company's *316 name and trademark does not create an issue of apparent authority for the jury. See, e.g., Stephens v. Yamaha Motor Co. Ltd., 627 P.2d 439 (Okla. 1981); Apple v. Standard Oil Div. of America Oil Co., 307 F. Supp. 107 (N.D.Cal. 1969); Coe v. Esau, 377 P.2d 815 (Okla. 1963); Cawthon v. Phillips Petroleum Co., 124 So.2d 517 (Fla.App. 1960); Sherman v. Texas Co., 340 Mass. 606, 165 N.E.2d 916 (1960); Reynolds v. Skelly Oil Co., 227 Iowa 163, 287 N.W. 823 (1939).
The theory of apparent authority remains a viable doctrine in this state. No argument has been presented to convince this court that the doctrine should not be applied to an oil company-franchisee situation. Public policy may require that an oil company ostensibly holding itself out to the public as the owner and operator of a service station and advertising special care and good service should bear the responsibility for seeing that the station's services are dispensed reasonably and appropriately.
In 3 Am.Jur.2d, Agency, § 74, at 477 (1962), it is stated:
The apparent authority of an agent is to be determined by the acts of the principal, and not by the acts of the agent; a principal is responsible for the acts of an agent within his apparent authority only where the principal by his acts or conduct has clothed the agent with the appearance of authority. .. . The apparent authority of an agent results from statements, conduct, lack of ordinary care, or other manifestation of the principal's consent, whereby third persons are justified in believing that the agent is acting within his authority.
The doctrine of apparent authority requires plaintiff to establish the following elements:
1. Conduct or representations by the principal (Shell).
2. Reliance by third persons (Shadel).
3. Reliance must be reasonable under the circumstances.
It is fundamental that a Motion for Summary Judgment should be granted only if the pleadings, admissions and certifications show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. R. 4:46-2; Judson v. Peoples Bank and Trust Co. of Westfield, 17 N.J. 67 (1954). Such motions are granted only with much caution, and where there are *317 genuine disputed issues of fact, they must be resolved at a plenary hearing. Devlin v. Surgent, 18 N.J. 148 (1955); Wilson v. Miller, 25 N.J. Super. 280 (App.Div. 1953). In deciding whether a genuine issue as to any material fact exists, the moving papers and pleadings are considered most favorably for the party opposing the motion and all doubts are resolved against the movant. Ruvolo v. American Casualty Co., 39 N.J. 490 (1963).
The facts set forth above clearly establish jury questions respecting Shell's conduct and representations, as well as the plaintiff's reasonable reliance on that conduct. I find that genuine issues of material fact exist whether Vamvouris had been clothed with apparent authority by Shell so as to preclude Summary Judgment, notwithstanding contractual provisions that Vamvouris was engaged in an independent business and that Shell had no right to control the operations or to exercise any control over Vamvouris' employee. Shell's Motion for Summary Judgment is denied.[1]
NOTES
[1] Shell also argues that Konur's action (whether negligence or intentional) exceeded the scope of whatever authority existed as a matter of law. This argument is clearly without merit. See Gibson v. Kennedy, 23 N.J. 150 (1957); Johnston v. American Oil Company, supra.