

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-22-2006

# Henry v. Merrill Lynch

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1241

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Henry v. Merrill Lynch" (2006). *2006 Decisions*. Paper 1554.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1554

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1241

———————————

ROBINSON K. HENRY,

Appellant

v.

MERRILL LYNCH

———————————

On Appeal From the United States District Court
For the District of New Jersey
(Civ. No. 00-cv-3688)
District Judge: Honorable Joseph A. Greenaway, Jr.

———————————

Submitted Under Third Circuit LAR 34.1(a)
JANUARY 25, 2006

Before:    ROTH, RENDELL AND AMBRO, Circuit Judges

(Filed February 22, 2006)

———————————

OPINION
———————————

PER CURIAM

Robinson K. Henry filed this employment discrimination action in the Superior

Court of New Jersey in March 2000, against his former employer, Merrill Lynch & Co.,

Inc. ("Merrill Lynch").  Merrill Lynch removed the case to the District Court, where two

settlement conferences were conducted on February 20, 2002, and March 8, 2002. On March 13, 2002, the District Court entered a settlement order dismissing the case. On August 1, 2003, Jay Wegodsky, Henry's attorney throughout the settlement negotiations, wrote to inform the District Court that Henry had not signed the settlement agreement and to request a status conference. The docket report indicates that a status conference was held on September 30, 2003, but that no further activity took place until August 19, 2004, when Merrill Lynch filed a motion to enforce the settlement agreement. In response, Henry wrote to the District Court on September 9, 2004, opposing the enforcement motion and asserting that no agreement existed because he had neither consented to the terms of the proposed settlement nor authorized Wegodsky to settle on his behalf.[1] Without holding a hearing, the District Court granted Merrill Lynch's motion to compel enforcement in an order entered December 13, 2004, and ordered Henry to execute the settlement agreement and general release. Henry appeals from this order, proceeding pro se.

The District Court had jurisdiction based on the parties' diversity of citizenship under 28 U.S.C. § 1332. We have appellate jurisdiction under 28 U.S.C. § 1291. We review the District Court's summary enforcement of the settlement agreement using the same plenary standard for reviewing a grant of summary judgment. See Tiernan v.

---

[1]This letter was not docketed, but copies were apparently sent to both Merrill Lynch and Wegodsky. See Appellee's Appendix at A-22.

Devoe, 923 F.2d 1024, 1031-32 & n.5 (3d Cir. 1991). Under that standard, we treat

Henry's assertions before the District Court as true and will affirm the District Court's

judgment only if the record shows that Merrill Lynch is entitled to enforcement as a

matter of law. See id.

The key issue in this case is whether a settlement agreement exists. We apply New

Jersey contract law in our review, see Edwards v. Born, Inc., 792 F.2d 387, 389 (3d Cir.

1986), noting that the fact that the parties have not executed a written agreement does not

resolve this issue. See Pascarella v. Bruck, 462 A.2d 186, 191 (N.J. Super. Ct. App. Div.

1983). We also observe that the burden of proving the existence of the settlement

agreement lies with Merrill Lynch. See Amatuzzo v. Kozmiuk, 703 A.2d 9, 12 (N.J.

Super. Ct. App. Div. 1997).

Henry argues that he did not consent to or authorize a settlement, either orally or in

writing, and that, therefore, no agreement exists. In his letter motion opposing

enforcement, Henry claimed that there was no "duly negotiated settlement agreement,"

and that Wegodsky's contrary assertion was "either inaccurate or must have occurred

without my knowledge, consent, and/or authorization." See Appellee's Appendix at A-

22. On appeal, Henry claims that the discussions of settlement terms occurred between

the attorneys with the involvement of the District Judge, but without Henry's participation

or assent, and that if the judge was told that he agreed to the settlement offer, that this was

3

a misrepresentation.[2]

Merrill Lynch argues that an agreement exists by virtue of Wegodsky's authority to settle on Henry's behalf, and that Henry is now merely attempting to change his mind about the terms of the settlement he previously agreed to. Both the District Court's original settlement order and subsequent enforcement order implicitly acknowledge the existence of an agreement. In the settlement order, the court stated that "it has been reported to the Court that the above-captioned matter has been settled." See Henry v. Merrill Lynch, Civ. No. 00-cv-03688 (order entered on March 13, 2002). In the enforcement order, the court noted, without elaboration, that "it appear[ed] that Plaintiff agreed to execute the confidential settlement agreement and general release." See id. (order entered on Dec. 13, 2004).

The general rule under New Jersey law is that the consent of the client is necessary to settle the case unless the client specifically authorizes an attorney to settle. See Amatuzzo, 703 A.2d at 12. An attorney may settle a lawsuit on behalf of a client if the attorney has either actual authority (express or implied) or apparent authority. Newark Branch, NAACP v. Township of West Orange, N.J., 786 F.Supp. 408, 423 (D.N.J. 1992); United States Plywood Corp. v. Neidlinger, 194 A.2d 730, 734 (N.J. 1963) (per curiam).

---

[2]Henry raises several new arguments in his appellate brief and attempts to support these arguments with various exhibits recounting his version of events following the second settlement conference. We agree with Merrill Lynch that most of these exhibits should not be considered on appeal, as they were not made part of the District Court record. See, e.g., Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1165 (3d Cir. 1986).

4

Merrill Lynch bears the burden of demonstrating the existence of Wegodsky's apparent authority. See NAACP, 786 F.Supp. at 423; Mercer v. Weyerhaeuser Co., 735, A.2d 576, 592 (N.J. Super. Ct. 1999). Apparent authority is manifested if the client "by words or conduct communicated to the adverse attorney, engenders a reasonable belief that the attorney possesses authority to conclude a settlement." Amatuzzo, 703 A.2d at 12. Merrill Lynch suggests that Wegodsky's representation of Henry since the time the complaint was filed shows that he possessed apparent authority. However, mere retention of an attorney is insufficient to demonstrate apparent authority to settle. See Seacoast Realty Co. v. West Long Branch Borough, 14 N.J. Tax 197, 203 (N.J. Tax Ct. 1994).

Merrill Lynch next asserts that Henry's being "present in Court" demonstrates Wegodsky's apparent authority. Without more details, such as whether the attorneys' discussions were held in the same room or within earshot of Henry, we cannot assess whether Henry's "presence in Court" constitutes a "voluntary act" required to manifest apparent authority. See Neidlinger, 194 A.2d at 734. We note that Henry's strenuous assertion in his opposition letter that he had no knowledge of the specific terms of the proposed settlement appears to contradict the implication that Henry was "present." We refrain from further discussion of this apparent contradiction, however, as it is not our role to make credibility determinations or determine disputed facts. See Scully v. US WATS, Inc., 238 F.3d 497, 506 (3d Cir. 2001); Sewak v. INS, 900 F.2d 667, 673 (3d Cir. 1990).

5

Merrill Lynch contends that its counsel negotiated with the expectation that Wegodsky had the authority to settle. We recognize that reliance by a third party is one essential component of apparent authority. See, e.g., Sears Mortg. Corp. v. Rose, 634 A.2d 74, 80 (N.J. 1993); Bahrle v. Exxon Corp., 652 A.2d 178, 188 (N.J. Super. Ct. 1995). That reliance must be reasonable under the circumstances, however. See Shadel v. Shell Oil Co., 478 A.2d 1262, 1265 (N.J. Super. Ct. 1984). The record in this case does not present a clear picture of the circumstances surrounding the settlement negotiations and hampers any evaluation of whether Merrill Lynch's reliance was reasonable.

In addition to its apparent authority arguments, Merrill Lynch also appears to suggest that Wegodsky's August 1, 2003, letter to the District Court supports a finding of either express or implied actual authorization to settle. The letter reads, in pertinent part: "You may recall my representation of Plaintiff in the above captioned proceedings. The parties had tentatively consummated a settlement in Your Honor's presence in April, 2002." See Appellee's Appendix at A-7. While this language may accurately reflect Wegodsky's perception of what occurred at the end of the second settlement conference, it does definitively resolve the question whether Wegodsky possessed either express or implied authorization from Henry. Neither can this letter settle any question of apparent authority, as it was sent by Wegodsky, not Henry, and was sent to the court, not to Merrill Lynch's attorney. See Amatuzzo, 703 A.2d at 12; Edwards, 792 F.2d at 390-91.

6

On the record before us, without transcripts of testimony or other documents containing relevant facts, it is impossible to determine the existence and extent of Wegodsky's authority in Henry's settlement negotiations. Considered in a light most favorable to Henry, we hold that the record evidence is not so one-sided as to support judgment in favor of Merrill Lynch and that an evidentiary hearing is necessary in order to establish the relevant facts. See Amatuzzo, 703 A.2d at 11; Tiernan, 923 F.2d at 1031. Accordingly, we will vacate the District Court's summary enforcement order and remand for further proceedings consistent with this opinion.