**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3379-17T4

LYDIA ANDERSON,

     Plaintiff-Appellant,

v.

IRVINGTON BOARD OF
EDUCATION, WALTER RUSACK,
RICHARD GRAVES, SUZANNE
STEEL, and ERNEST SMITH,

     Defendants-Respondents.

_____

Submitted September 23, 2019 – Decided October 7, 2019

Before Judges Vernoia and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-3535-16.

Lydia Anderson, appellant pro se.

Respondents have not filed a brief.

PER CURIAM

Plaintiff Lydia Anderson appeals from a Law Division order dismissing with prejudice her complaint alleging defendants Irvington Board of Education, Walter Rusack, Richard Graves, Suzanne Steel and Ernest Smith[1] violated the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49, and the Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 to -14, by creating a hostile work environment and failing to renew her contract of employment as a school teacher. Based on our review of the limited record provided by plaintiff on appeal, we are convinced the claims asserted in the complaint are barred by the applicable statutes of limitations and affirm the court's dismissal of the complaint with prejudice.

In November 2016,[2] plaintiff filed a pro se complaint alleging she was "hired by [d]efendant Irvington Board of Education as a contract teacher in September 2000," and her contract was later renewed for the following 2001-2002 school year. The complaint also alleges plaintiff received a letter in August 2002 advising that her contract was not renewed for the 2002-2003

---

[1] Defendants have not participated in this appeal.

[2] It is not possible to discern the precise date in November 2016 that the complaint was filed from the copy of the complaint included in plaintiff's appendix.

school year.[3] The complaint further asserts that plaintiff's employment by the Board of Education ended in 2002 and that she was subjected to a hostile work environment and her contract was not renewed because of her national origin and in retaliation for her complaints about discriminatory treatment. Broadly read, the complaint asserts claims under the LAD and CEPA.

On April 2, 2018, the court entered an order dismissing the complaint with prejudice. The order was entered as a result of the court's disposition of defendants' motion in limine and the court's consideration of "the arguments of [the] parties." In her brief on appeal, plaintiff asserts the court entered the order during pre-trial proceedings on defendants' request to "bar [plaintiff's] case based on statute of limitations." Plaintiff also represents in her brief on appeal that the court granted defense counsel's request and entered an order dismissing the complaint with prejudice based on statutes of limitations grounds. This appeal followed.

Plaintiff presents the following arguments for our consideration:

---

[3] We rely on the facts asserted in the complaint. We note that in plaintiff's submissions to this court, she supplies a May 14, 2002 letter purportedly from the Superintendent of the Irvington Board of Education advising that he did not recommend the renewal of plaintiff's employment contract for the "2002-2003 school year." The letter is not supported by an affidavit or certification establishing its authenticity. See R. 1:6-6.

[POINT] I

THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S COMPLAINT WITH PREJUDICE FOR STATUTE OF LIMITATION[.]

[POINT] II

APPELLANT WAS TERMINATED BASED ON NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF THE LAW AGAINST DISCRIMINATION[.]

In her pro se brief, plaintiff argues the court erred by dismissing her 2016 complaint based on its determination that her LAD and CEPA claims are barred by the applicable statutes of limitations. Plaintiff contends she filed an identical complaint on August 30, 2005, and "[t]he court erred that [she] did not pay the filing fee" on that date. Plaintiff asserts that a court supervisor "informed [her] that the court had dismissed and destroyed [her 2005] complaint" and, as a result, she was required to pay another fee to file her 2016 complaint. Plaintiff argues that the court erred by dismissing the 2016 complaint based on statutes of limitations grounds because her original, and allegedly timely, complaint was filed on August 30, 2005.

Annexed to plaintiff's pro se brief on appeal is a copy of a complaint that is marked "received/filed" by the Superior Court on August 30, 2005, and a personal check of the same date made payable to the Superior Court. Also

annexed is an "Archival Management Information System" summary, which plaintiff asserts she obtained from the Superior Court Clerk. The summary shows that a complaint in the matter of "Anderson vs. Irvington . . . Bd. of Ed." was filed on August 30, 2005, and dismissed by the court on March 17, 2006. Plaintiff claims the records establish she filed a complaint making the identical allegations against defendants in 2005, the court erred by dismissing the complaint in 2006, and, as a result, the court erred by dismissing her 2016 complaint as time-barred.

Plaintiff fails to present the record required to facilitate appropriate appellate review of her claim that the trial court erred by dismissing her 2016 complaint. Plaintiff does not provide the record presented to the trial court in support of, and in opposition to, defendants' motion that resulted in the dismissal of the 2016 complaint. See R. 2:6-1(a)(1)(A) and (I) (requiring the appellant to include in his or her appendix the pleadings in a civil case, as well as "such other parts of the record . . . as are essential to the proper consideration of the issues"). Plaintiff also fails to provide the transcript of the court proceeding during which defendants' motion for dismissal was argued and decided. See R. 2:5-3(a) (requiring appellant to request and obtain a verbatim record of the proceedings from which the appeal is taken). Moreover, plaintiff's factual allegations, and

her reliance on documents annexed to her brief on appeal, are untethered to a certification, affidavit, or other competent evidence. See R. 1:6-6 (requiring that motions "based on facts not appearing of record or not judicially noticeable" be determined "on affidavits made on personal knowledge, setting forth only facts which are admissible in evidence").

Plaintiff's failure to abide by the Rules renders it impossible to determine whether the documents and records upon which she now relies were presented to the trial court in the first instance. See, e.g., Wallach v. Williams, 52 N.J. 504, 505 (1968) (finding that consideration of issues "must be confined to the record made in the trial court"); Donnelly v. Donnelly, 405 N.J. Super. 117, 130 n.6 (App. Div. 2009) (explaining factual assertions not properly presented before the trial court "have no rightful place in the record in [the] appeal"). We are not obligated "to attempt review of an issue when the relevant portions of the record are not included," Cmty. Hosp. Grp., Inc. v. Blume Goldfaden Berkowitz Donnelly Fried & Forte, P.C., 381 N.J. Super. 119, 127 (App. Div. 2005), and plaintiff's failure to provide the required record limits our ability to consider her claim the trial court erred by dismissing her complaint.

In any event, we consider the merits of the court's dismissal of plaintiff's 2016 complaint based on statutes of limitations grounds because we review a

A-3379-17T4

court's order and not its reasoning, Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001), we review legal issues de novo, Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995), and our review of the allegations in the 2016 complaint permits a finding the asserted causes of action are time-barred. The 2016 complaint alleges defendants created a hostile work environment during plaintiff's two years of employment with the Irvington Board of Education and on August 17, 2002 unlawfully declined to renew her contract for the 2002-2003. Even accepting the complaint's allegation it was not until February 26, 2003, that plaintiff first learned of the purported discriminatory reason for the non-renewal of her contract on February 26, 2003,[4] the 2016 complaint is time-barred.

The statute of limitations for an LAD claim is two years. Montells v. Haynes, 133 N.J. 282, 292 (1993). The limitations period for a CEPA cause of action is one year. N.J.S.A. 34:19-5; see also Green v. Jersey City Bd. of Educ., 177 N.J. 434, 437-38 (2003). Plaintiff's 2016 complaint was filed more than fourteen-years after her employment with the Board of Education ended and almost thirteen and one-half years after the complaint suggests she first learned

---

[4] The complaint alleges that "[o]n February 26, 2003, [p]laintiff was given the real reason for the non-renewal of [her] employment contract" when the Board of Education president allegedly referred to plaintiff as a "foreigner."

the Board of Education acted with discriminatory intent. The claims asserted in the 2016 complaint are clearly barred by the respective statutes of limitations for LAD and CEPA claims. We therefore affirm the court's order dismissing the 2016 complaint on statutes of limitations grounds.

Plaintiff seeks refuge from the court's proper application of the statutes of limitations, arguing she timely asserted her claims in the 2005 complaint, which she acknowledges the court dismissed in 2006. Even if we accept plaintiff's representations concerning the filing of the 2005 complaint, and the authenticity of the complaint, the "Archival Management Information System" summary and other documents annexed to her brief on appeal, her filing of the 2005 complaint does not render the 2016 complaint timely. The record is bereft of evidence plaintiff took any action to reinstate the 2005 complaint when it was dismissed in 2006 or thereafter, or that she timely appealed the 2006 dismissal of the complaint. Indeed, plaintiff's brief does not address or explain her delay in prosecuting her claims during the ten-year period following the 2006 dismissal of the 2005 complaint and prior to the filing of the 2016 complaint.

The record plaintiff provides on appeal does not reveal the precise reason for the 2006 dismissal of plaintiff's first complaint or include any competent evidence establishing the reason. Plaintiff contends, without citation to any

competent evidence, that the dismissal resulted from an erroneous determination that she did not pay the required filing fee. Plaintiff's recourse for the alleged improper dismissal of the 2005 complaint was either to request relief from the dismissal and reinstatement of the 2005 complaint, see, e.g., R. 1:5-6(c), R. 1:7-4, R. 4:49-2 and R. 4:50-1, or appeal, either by right or by request for leave to appeal,[5] see, e.g., R. 2:2-3(a)(1), R. 2:2-4. The refiling of the identical claims nine years later in her 2016 complaint did not revive or reinstate the dismissed 2005 complaint and did not render timely her LAD and CEPA claims which, for the reasons noted, are barred by the applicable statutes of limitations.

Plaintiff also argues the evidence would otherwise show defendants unlawfully terminated her employment by failing to renew her contract for the 2002-2003 school year based on her national origin. Plaintiff did not move for summary judgment on her national origin claim, and, based on the limited record provided on appeal, the court did not dismiss the complaint based on a finding that plaintiff could not establish national origin discrimination. Thus, plaintiff's assertion that the evidence would demonstrate national origin discrimination is irrelevant to our consideration of whether the court correctly determined the

---

[5] The scant record provided by plaintiff in support of her appeal does not permit a determination as to the actual reason for the dismissal of the 2005 complaint or whether the dismissal was by final or interlocutory order.

claims asserted in the 2016 complaint are time-barred. We therefore do not address or decide plaintiff's claim that defendants terminated her employment because of her national origin.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION