J. WISS & SONS COMPANY, A CORPORATION, PLAINTIFF AND APPELLANT, v. H. G. VOGEL COMPANY, A CORPORATION, DEFENDANT AND RESPONDENT.

Argued June 29, 1914—Decided November 16, 1914.

1. As between the principal and third persons the true limit of the agent's power to bind the principal is the apparent authority with which the agent is invested. The principal is bound by the acts of the agent within the apparent authority which he knowingly permits the agent to assume, or which he holds the agent out to the public as possessing.

2. The question in every case depending on apparent authority of the agent, is whether the principal has by his voluntary act placed the agent in such a situation that a person of ordinary prudence, conversant with business usages and the nature of the particular business, is justified in presuming that such agent has authority to perform the particular act in question, and when the party relying upon such apparent authority presents evidence which would justify a finding in his favor, he is entitled to have the question submitted to the jury.

3. The evidence tended to show that the defendant company was selling a special product at a varying price, not a staple product at a fixed price; that it knew it was meeting keen competition and that its proposal must be modified in order to get the contract; that the very nature of the contract and of the negotiations required an agent familiar with its business and able to figure on the work; that it sent an agent to the plaintiff to discuss and negotiate the contract, introducing him as its "contract-

ing agent," and who was known to the plaintiff as the agent who commonly made such contracts for the defendant. *Held*, that it was open to the jury to find that such agent was invested with the apparent authority to modify the proposal and lower the bid so as to get the contract, and it was erroneous to withdraw that question from the jury.

On appeal from the Essex County Circuit Court.

For the appellant, *Pitney, Hardin & Skinner.*

For the appellee, *Simon Hahn.*

The opinion of the court was delivered by

TRENCHARD, J.  This suit was brought to recover the difference between the price at which the defendant company is alleged to have agreed to install a sprinkling system for the plaintiff and the cost of the same to the plaintiff after the defendant had refused to perform.

The case turned on the power of the defendant's agent to execute the contract.

The learned trial judge, being of the opinion that there was no evidence from which such power could be inferred, granted the motion to nonsuit and the plaintiff appeals.

We are of the opinion that the nonsuit was erroneous.

The evidence of the plaintiff at the trial would have justified the jury, if they saw fit, in finding the following matters of fact:

The plaintiff company, desiring to equip their factory with an automatic sprinkling system, invited the defendant (and others) to bid on the same. The letter of invitation enclosed a blue print showing the general lay-out of the factory, and, as the object of the installation was to procure reduced rates of insurance, the letter specified that the work should be done according to the rules of the Manufacturers Mutual Fire Insurance Company, and should meet the approval of that company and the Newark board of underwriters. The defendant corporation replied by two letters, one of which proposed to do the work as required by the Newark board for $6,228, and the

other to do it as required by the insurance company for $6,-923., The receipt of these letters was followed on May 23d, 1911, by a call from Mr. G. W. Bechtold, who presented a business card of the defendant on which was printed "Represented by G. W. Bechtold, Contracting Agent." This card was furnished Bechtold by the defendant company. The defendant company, three years before, had proposed to do similar work for the plaintiff by a proposal signed by "G. W. Bechtold, Contracting Agent." When Bechtold appeared on May 23d, 1911, Mr. Wiss, the president of the plaintiff company, explained to Bechtold that the proposals were not satisfactory, that he desired one proposal to meet the requirements of both the insurance company and the Newark board. Bechtold went away and returned on June 5th or 6th, bringing a new proposal, at the foot of which was printed "H. G. Vogel Company, by ————————," and a printed form of acceptance to be signed by the plaintiff. In this the defendant proposed to do the work to meet the approval of both the insurance company and the Newark board for the sum of $6,-228. Nothing further was done that day. A few days later Wiss wrote the defendant company a letter which apprised them that the contract was not satisfactory as drafted. Later, the defendant again sent Bechtold to the plaintiff. Mr. Wiss told Mr. Bechtold that his figures were not the lowest, but refused to state the amount of the lowest bid. The fact was that the lowest price at which any other company had offered to do the work was $6,208. Mr. Bechtold asked what price he would have to make to get the contract, and Wiss told him $6,000, with some changes in the contract, some of which called for added work or material, but others reduced the amount of work or material to be supplied by the defendant. Mr. Bechtold agreed to the change in price and the change in specifications, and sat down and crossed out $6,228, substituting $6,000, also interlining the changes in the specifications. The changes were initialed by Bechtold and Wiss. The contract, as completed, was signed "H. G. Vogel Company by G. W. Bechtold," and by "J. Wiss & Sons Co., Frederick C. J. Wiss, Pres.," and was dated June 16th, 1911. Subsequently,

the defendant refused to perform for the price named and the plaintiff had the work done on the same specifications at the lowest bid it could get, $6,900.

We have reached the conclusion that the nonsuit was erroneous without reference to the contention of the plaintiff that the evidence tended to show actual authority. That is not the limit of the agent's power to bind his principal.

As between the principal and third persons the true limit of the agent's power to bind the principal is the apparent authority with which the agent is invested. The principal is bound by the acts of the agent within the apparent authority which he knowingly permits the agent to assume, or which he holds the agent out to the public as possessing. And the reason is that to permit the principal to dispute the authority of the agent in such cases would be to enable him to commit a fraud upon innocent persons. *Law* v. *Stokes*, 32 *N. J. L.* 249.

The question in every such case is whether the principal has by his voluntary act placed the agent in such a situation that a person of ordinary prudence, conversant with business usages, and the nature of the particular business, is justified in presuming that such agent has authority to perform the particular act in question, and when the party relying upon such apparent authority presents evidence which would justify a finding in his favor, he is entitled to have the question submitted to the jury.

In the present case, the defendant company was selling a special product at a varying price, not a staple product at a fixed price. They were selling work and material and skill and experience, and all this was to be embodied in a contract. They knew that they were meeting keen competition, and that their proposal must be modified in order to get the contract. The very nature of the contract and of the negotiations required an agent familiar with the defendant's business and able to figure upon the work. It is undisputed that, when invited to figure on this work, they sent Bechtold to the plaintiff to discuss and negotiate the contract. They held him out to the plaintiff as their "contracting agent," and the plaintiff knew that he commonly made such contracts for the defend-

ant. Their contention, now, is that he was a "mere messenger," whose only authority was to "sign proposals," and that he had no authority, nor appearance of authority, to modify the proposal. The president of the defendant company, called as a witness by the plaintiff company, testified that Bechtold's only actual authority was to "sign proposals." It may be so. But the question here is not what was his actual authority. The question presented to us is this: Was it open to the jury to find from the evidence that the defendant voluntarily placed Bechtold in such a situation that the plaintiff company, with its knowledge of business usages and the nature of the business in hand, was justified in presuming that Bechtold had authority to modify the proposal and lower the bid so as to get the contract? We think it was open to the jury to so find, and hence, the nonsuit was erroneous.

The judgment below will be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, BOGERT, VREDENBURGH, HEPPENHEIMER, WILLIAMS, JJ. 14.