NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

## TAX COURT OF NEW JERSEY



**MARY SIOBHAN BRENNAN**
JUDGE

Essex County Dr. Martin Luther King, Jr. Justice
Building 495 Martin Luther King Blvd. - Fourth Floor
Newark, New Jersey 07102-0690
(609) 815-2922 Ext. 54600
Fax: (973) 424-2424

December 3, 2021

Richard Nashel, Esquire
Nashel and Nashel, LLC
415 Sixtieth Street
West New York, New Jersey 07093

Dominic DiYanni, Esquire
Eric M. Bernstein & Associates, LLC.
34 Mountain Boulevard, Building A
P.O. Box 4922
Warren, New Jersey 07059

Filed on ECourts

> Re: **115 CCD PARTNERS, L.P. v. CITY OF JERSEY CITY**
> Docket Nos. 006676-2016, 005840-2017, 008002-2018, 007137-2019,
> 000249-2020, 004966-2020 and 000250-2020

Dear Mr. Nashel and Mr. DiYanni:

This letter opinion sets forth the court's ruling on plaintiff's motion to compel terms of an alleged settlement to be presented to the governing body for approval over the objection of the assessor. For the reasons explained more fully below, the court denies plaintiff's motion.

### I. Findings of Fact and Procedural History

The following findings of fact are based on the certifications submitted in the moving papers, and the data and documents contained within the Tax Court Management System and on ECourts, as well as this court's telephone conference call notes.

Plaintiff, 115 CCD Partners, L.P., is the owner of real property located in defendant City of Jersey City ("City") in Hudson County. The property is a commercial building with a street






address of 115 Columbus Drive and is identified on the City's municipal map as Block 12901, Lot 5. For tax years 2016 and 2017, the City assessed the land at $215,200 and the improvements were assessed at $1,559,800, for a total assessment of $1,1775,000. Following revaluation for tax years 2018, 2019, and 2020, the City assessed the land at $3,218,000 and the improvements were assessed at $5,270,000, for a total assessment of $8,488,700. Also, the 2019 added assessment and omitted added assessment for the prior year for qualifier T01, which were assessed in the amount of $465,200, are appealed.

The 2016 and 2017 tax appeals were originally assigned to this court (Judge Brennan). On January 26, 2018, the 2016 and 2017 tax appeals were transferred from this court to the Hon. Joan Bedrin Murray, J.T.C. Thereafter, the 2018 tax appeal was also assigned to Judge Murray. On July 6, 2018, the 2016, 2017 and 2018 tax appeals were transferred from Judge Murray to the Hon. Joseph M. Andresini, P.J.T.C. The 2019, and three 2020 tax appeals were also assigned to Judge Andresini. Finally, on July 30, 2020, the 2016, 2017, 2018, 2019 and the three 2020 tax appeals were transferred to this court (Judge Brennan).

This motion's subject matter involves a mandatory, in-court settlement conference that occurred on December 12, 2018[1] during Judge Andresini' s calendar call. In attendance were, plaintiff's counsel, plaintiff's appraiser, defendant's tax counsel, and defendant's appraiser. Neither Defendant's assessor nor deputy assessor were in attendance, and the court did not admonish nor sanction their nonattendance.

---

[1] The Tax Management System and the Proceedings tab on ECourts do not document this December 12, 2018 court appearance. The court files document a telephone conference call with Judge Andresini on December 6, 2018 and December 13, 2018, both of which were given an outcome designation of "Adjourned."

Prior to this conference, plaintiff's counsel sent defendant's tax counsel a settlement proposal on or about December 21, 2017. At the December 12, 2018 conference, defendant's tax counsel and defendant's appraiser offered a proposed counter settlement offer.[2] The conference ended with both counsel representing that they would discuss and recommend this counter proposal to their respective clients and the City's tax assessor.

As with many municipalities, it is the defendant's practice to require the assessor's concurrence and approval of the proposed settlement terms reached in a pending tax appeal matter before placing that settlement on an agenda for formal governing body approval. There is no indication in the court file that the pending appeals (2016, 2017 and 2018) were to be marked "tentatively settled" and transferred to the court's settlement stipulation calendar. To the contrary, the appeals remained on the court's active open calendar for the better part of the last three years.

A review of the court's files memorializes the following subsequent events:

**Judge Andresini**

| | |
|---|---|
| January 29, 2019 | A court comment stating "tcc[3] 1/28 issue w/squage footage def say 40,000 more than pl measurement nlt[4] 2/15 tcc 2/22@2:00" |
| February 22, 2019 | Telephone conference call – Heard |
| February 25, 2019 | A court comment stating "tcc 2/22 pl provided a survey of property demonstrating 40,000 sg ft improvement def atty to review w/cl tcc 4/8@4:15" |
| April 8, 2019 | Telephone conference call – Heard |
| June 26, 2019 | Calendar Call –Appeared |
| July 8, 2019 | Telephone conference call – Adjourned |

---

[2] Any agreement reached prior to October 1, 2019, is not applicable to the 2020 tax appeal.

[3] Court interprets "tcc" as "telephone conference call."

[4] Court interprets "nlt" as "no later than."

July 25, 2019          Calendar Call – Appeared

September 26, 2019    Calendar Call – Adjourned

February 3, 2020      A court comment stating "cc[5] 1/23 ocsc[6] nlt 4/27 tcc 5/12@2:00"

May 12, 2020          Telephone Conference Call - Adjourned

May 28, 2020          Calendar Call – Appeared

## Judge Brennan

January 25, 2021      Telephone Conference Call - Appeared
Judge's notes – "1/25/21- There is a dispute over square footage of the property. The assessor wants to look over the leases. Schedule a peremptory hearing: Friday, March 12, 2021 AD"

March 11, 2021        Judge's notes – "03/11/2021: Hearing adjourned as square footage issue was resolved. Teams meeting scheduled for 03/24/2021 at 12:00. If case is not resolved, schedule trial. DY"

"03/11/2021: Adjourned to 05/12/2021 at 1:00. DY"

May 12, 2021:         Judge's notes – "all lease agreements were provided. DiYanni provided counter proposal, waiting for response from assessor. Mr. Nashel says there is a FMC Stores standard of conduct issue. Assessor did not show up at previous settlement conference. 3 weeks. New Teams meeting for Thursday June 24, at 2:00. DY"

June 24, 2021         Judge's notes – "The assessors position is the last counter offer that was provided is where they are at, they are unable to improve it. The offer still stands but cannot do anything more. The assessor was not present in the in court settlement conference in 2018 in front of Judge Andresini and the settlement they reached in that meeting was rejected by the Jersey City assessor. Build CMO. Trial date: Tuesday, February 15, 2022. AD"

Thereafter, plaintiff's counsel filed this motion on October 5, 2021, requesting that this court order

the defense tax counsel to submit the counter settlement offer's terms discussed at the December

---

[5] Court interprets "cc" as "calendar call."

[6] Court interprets "ocsc" as "out of court settlement conference."

12, 2018 conference to the governing body for its approval, and to reject any objection at the governing body's counsel meeting based upon the assessor's conduct.

In support of the motion, plaintiff argues: (1) that defendant failed to "turn square corners" as set forth by the New Jersey Supreme Court in F.M.C. Stores Co. v. Morris Plains, 100 N.J. 418 (1985); (2) that defense tax counsel and defendant's appraiser held apparent authority to bind the City, and exercised said authority at the December 12, 2018 settlement conference; (3) that the assessor's acts constitute a waiver of his right to object to the counter settlement proposal; (4) that an appropriate sanction for the assessor's nonattendance at the December 12, 2018 settlement conference is to disallow his objection to the counter settlement proposal; and (5) that plaintiff is entitled to equitable relief from the court. Plaintiff also asserts that the assessor's actions caused undue harm because plaintiff's expert appraiser retired in early 2020.

Defendant opposes the motion citing the comment to R. 8:9-5 which states:

> The current Tax Court practice, approved by the Court's Presiding Judge permits entry of stipulation of settlement without affidavit provided, however, that the attorneys represent to the court that they have made examination of the value and proper assessment of the properties, have obtained such analysis, information, and appraisals with respect thereto as they deem necessary and that the attorney for the taxing district has consulted with the assessor who has concurred with the settlement.
>
> [Rules Governing the Courts of the State of New Jersey, Sylvia B. Pressler and Peter Verniero (2022 Edition)].

Defendant also asserts that, while having the authority to attend the settlement conference, neither defense tax counsel nor defendant's appraiser held apparent or implied authority to enter into a settlement agreement subject to governing body approval without the defendant assessor's concurrence and approval. In support of this, defendant points to past practice with the City's other tax appeals, and defense tax counsel's representation that the counter settlement proposal

needed to be discussed with the assessor, thereby making it conditioned upon his approval. Defendant also reasons that the plaintiff's counsel asserted a condition on obtaining his client's approval as well, resulting in neither party being bound to the counter settlement proposal. For these reasons, defendant argues no tentative agreement existed in a form that would be subject to governing body approval.

## II. Conclusions of Law

New Jersey courts have held that sending an attorney to a settlement conference presumptively establishes the attorney's authority to settle, and that apparent authority may even be found where the principal denies having granted authority to settle, but nevertheless places the attorney in a position where "'a person of ordinary prudence, conversant with business usages and the nature of the particular business, is justified in presuming that such agent has authority to perform the particular act in question.'" See Seacoast Realty Co. v. West Long Beach Bor., 14 N.J. Tax 197, 204-205 (1994). United States Plywood Corp., supra, 41 N.J. at 74, 194 A.2d 730 (quoting J. Wiss & Sons Co. v. H.G. Vogel Co., 86 N.J.L. 618, 621, 92 A. 360 (E. & A. 1914)).

With respect to the facts of this case, the court finds that plaintiff's counsel was aware of the practice requiring the assessor's concurrence and approval of any settlement agreement prior to such agreement being placed on an agenda for governing body approval. It is common practice in the Tax Court and is acknowledged in the Comment to R. 8:9-5, as well as the Stipulation of Settlement found on the Tax Court's website.

Furthermore, the terms of a tentative agreement were not placed on the record, were not shared with the court, and did not in any manner effectuate a change in the court's handling of these open and active tax appeals. While plaintiff criticizes the assessor for taking too long to advise of the tentative settlement agreement's rejection, plaintiff offers no explanation as to why

it did not avail itself of court intervention in the manner of requesting an order to show cause, scheduling a mandatory conference with the assessor in attendance, or a trial date. While the court is sympathetic and agrees that the assessor's position on the December 12, 2018 counter proposal was not immediately forthcoming, there were multiple avenues in which plaintiff could have obtained relief from the court. Instead, the court was left to schedule and attend to years of court appearances, while both parties lacked the motivation to resolve the appeals in a timelier fashion.

The court also does not find the assessor's actions to violate the square corners doctrine. While plaintiff may question the assessor's inquiries and actions, the court recognizes the assessor's right in verifying those elements associated with commercial property value such as, square footage, lease terms, and information obtained from visual inspection. In addition, there was an improvement on the property in tax year 2018 that generated added assessments for 2018 and 2019. The assessor's review and analysis were not as simple as the plaintiff portrays. The court is also cognizant that since March 2020, the coronavirus caused a detrimental impact on both parties' ability to conduct business normally.

For the reasons set forth above, the court denies plaintiff's motion. The 2016 through 2020 tax appeals are currently scheduled for trial on February 15, 2022.

/s/ Mary Siobhan Brennan
Mary Siobhan Brennan, J.T.C.